**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-CV-258-JMB |
| ) | |
| SOUTHEAST CORRECTIONAL CENTER ) | |
| and MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint filed by Joseph Michael Devon Engel (registration no. 1069055), an inmate at Missouri Eastern Correctional Center ("MECC"). For the reasons explained below, plaintiff will be given leave to proceed *in forma pauperis*, and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

When plaintiff initiated this action, he did not file a separate motion for leave to proceed *in forma pauperis*. However, in the body of the complaint, plaintiff avers he seeks "[a]pplication to proceed in District Court without prepaying fees or costs" because he only "get[s] $5.00 Dollars a month." (ECF No. 1 at 2). Liberally construed, plaintiff can be understood to ask the Court to grant him leave to proceed *in forma pauperis*. The Court will grant plaintiff such leave, and will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

### Legal Standard on Initial Review

According to 28 U.S.C. § 1915(e)(2), this Court shall dismiss a complaint at any time if, *inter alia*, it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d

2

1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

3

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the Southeast Correctional Center ("SECC") and the Missouri Department of Corrections ("MDOC"). This action is one of more than one hundred and thirty (130) prisoner civil rights actions plaintiff has filed in this Court since September of 2020. Plaintiff identifies himself as a sovereign citizen, and indicates he is a civilly-committed detainee. However, review of publicly-available MDOC records indicates plaintiff is a convicted and sentenced state prisoner.

Plaintiff claims the defendants are liable to him because he suffers from "PTSD and nightmares of young 17 year old kids getting gang raped in Charleston Prison and custody thinking no big deal and knowing it was happening not doing nothing I'm a sourvin citizn [*sic*] of Alaska." (ECF No. 1 at 1). Plaintiff further claims that while housed at SECC, he witnessed a beating in which "custody" did not intervene. *Id.* at 3-4. Plaintiff does not identify the perpetrators of either incident as prison officials, he does not indicate he was physically harmed or threatened with harm, and he does not aver he requested and was denied any form of treatment.

Plaintiff identifies his injuries as "Psyciclogiclly truma [*sic*], mind raping, PTSD, nightmars [*sic*], flashbacks, freedom." *Id.* at 1, 3-4. He states he seeks "500 Billion Dollars 500,000 stocks GMC, Ford, Dodge, Bit Coin." *Id.* at 1. Plaintiff also provides a list of individuals and entities, including the defendants, and states the specific amount of monetary relief he seeks from each. He states he seeks 200 billion dollars from the SECC, and he alternately states he seeks 220 billion dollars and 240 billion dollars from the MDOC. Plaintiff also identifies twenty-seven individuals by titles such as "Caseworker," "Lt Governor," "Governor," "Att General" and "House Rep Mo," and avers he seeks hundreds of billions of dollars from each. *Id.* at 3. Plaintiff also states he seeks the appointment of counsel.

4

## Discussion

Having carefully reviewed and liberally construed the complaint, the Court concludes that it must be dismissed. Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the MDOC and against the SECC, a MDOC facility. A suit against the MDOC or a division thereof is effectively a suit against the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) ("Section 1983 provides a cause of action against 'person[s]' only."). However, the State of Missouri and its agencies are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Because plaintiff is missing an essential element of a § 1983 action, his claims against the MDOC and the SECC must be dismissed.

Additionally, the MDOC and the SECC are protected by the doctrine of sovereign immunity. "The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). *See also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first is "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language.'" *Id.* "Second, a state may waive its immunity to suit in federal court, but 'only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction.'" *Id.* at 65. Neither exception applies here.

The first exception is inapplicable because the Supreme Court has determined that § 1983 does not abrogate a state's Eleventh Amendment immunity from suit in federal court. *Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *see also Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe. . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect and providing exceptions). Accordingly, plaintiff's claims against the MDOC and the SECC must be dismissed.

Plaintiff has also indicated an intent to recover monetary relief from numerous individuals identified by various titles. However, the only allegations specific to each individual are the amount of money plaintiff seeks to recover. Simply listing a person's name or title is insufficient to state a claim against him or her. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se

6

complaints"). Finally, plaintiff's allegations would not state a claim of constitutional dimension. Plaintiff can be understood to claim he felt traumatized after witnessing two instances of violence among inmates. However, he alleges nothing permitting the inference that a state actor harmed him, deprived him of care, or otherwise violated any of his federally-protected rights.

It appears this action is also subject to dismissal because it is malicious. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right). As noted above, this action is one of over one hundred and thirty (130) plaintiff has recently filed in this Court, alleging that his civil rights have been violated by these defendants and other state and local entities and officials. Plaintiff submitted the pleadings in bulk, and specified he intended each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action. It therefore appears this action is part of an attempt to harass and disparage these defendants and others by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461-63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well.

Having considered plaintiff's abusive litigation practices and the manner in which he prepared the instant complaint and other civil complaints, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B), and will not grant plaintiff's request for the appointment of counsel.

Accordingly,

7

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this _10th_ day of March, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

8